FILED

MAY 2 · 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY KREMEN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JHULIANA ARAMIS COHEN, et al.,<br><br>　　　　　Defendants. | CASE NO. 05 CV 1319 JM (POR)<br><br>ORDER DENYING STEPHEN MICHAEL COHEN'S EX PARTE MOTION TO STRIKE PLAINTIFF'S OPPOSITION AS BEING UNTIMELY OR IN THE ALTERNATIVE TO EXTEND THE HEARING DATE UNTIL JUNE 8, 2007 AT 9:00 A.M. AND A MOTION FOR AN ORDER TO FILE CM/ECF |

On May 1, 2007, nunc pro tunc to April 24, 2007, Stephen Michael Cohen, proceeding pro se, filed a motion to intervene as a defendant in this case and a motion to consolidate this case with another case currently pending in the Northern District of California (the "Cohen Motion"). The Cohen Motion is set to be heard on June 1, 2007. Plaintiff Gary Kremen filed a timely opposition to the Cohen Motion on May 16, 2007, which was two days prior to the opposition due date of May 18, 2007. See Docket No. 73; Local Civil Rule 7.1.e.2 (providing that opposition must be filed and served not later than 14 calendar days prior to the noticed hearing). The opposition was served on Cohen by overnight mail on May 15, 2007. See Docket No. 73 (proof of service). Cohen now moves ex parte for an order striking Plaintiff's opposition on the ground that it was untimely filed or, in the alternative, for an order continuing the

hearing date to June 8, 2007 so that Cohen may have adequate time to file his reply. Cohen contends that he did not receive notice of the opposition until May 21, 2007, when he checked the PACER system. However, as stated above, the opposition was timely filed and served as demonstrated by the proof of service filed therewith, and therefore Cohen has been provided with adequate time for filing his reply. Thus, the court concludes Cohen has failed to show good cause why the hearing date should be continued.

Cohen also moves <u>ex parte</u> for an order permitting him to electronically file documents by way of the court's CM/ECF system. In support of the motion, Cohen asserts that he is currently being permitted to electronically file documents in the Northern District of California in connection with pending litigation in that court, litigation which is related to the instant case. Unless otherwise authorized by the court, pro se litigants must file documents in paper form only. <u>See</u> ECF Administrative Policies and Procedures Manual § 2b (Sept. 5, 2006). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." <u>Id.</u> Cohen has failed to demonstrate such means and has not agreed to follow the applicable rules and policies. The fact that he has been permitted to file electronically in another district is irrelevant. Thus, the court exercises its discretion to deny Cohen's request to file electronically.

For the foregoing reasons, the ex parte motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED: 5/23, 2007

JEFFREY T. MILLER
United States District Judge

cc: all parties
05cv1319 Order re Ex Parte App.wpd

05cv1319