FILED
2007 AUG 14 AM 9:11
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY KREMEN,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>JHULIANA ARAMIS COHEN, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 05 CV 1319 JM (POR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE ANSWER OF JHULIANA ARAMIS COHEN AND ROSA MONTANO COHEN PURSUANT TO FRCP RULE 12(f)**<br><br>[Docket No. 88] |

　　　　This is a diversity action alleging common law fraud as well as fraudulent transfer in violation of California Civil Code §§ 3440, 3439.05, 3439.07. Plaintiff alleges that the defendants, including Jhuliana Aramis Cohen and Rosa Montana Cohen (collectively the "Cohens"), participated with non-party Stephen Cohen in the fraudulent transfer of assets for the purpose of assisting Stephen Cohen to avoid payment of a $65 million judgment held by Plaintiff against Stephen Cohen. Pending before the court is Plaintiff's Rule 12(f) motion to strike the Cohens' answer on the ground that since default was entered against the Cohens on January 12, 2006 for failure to plead or otherwise defend, their respective answers, filed June 5, 2007 and prepared pro se, should be stricken from the record. The Cohens, who currently reside in Tijuana, Mexico and were served by mail on June 19, 2007 with notice of the present

motion, have not filed any opposition.

Once default has been entered against a party, the well-pleaded allegations of the complaint are admitted as true, with the exception of any allegations pertaining to damages, and the defaulted party may no longer contest liability. Fed.R.Civ.P. 55; see Benny v. Pipes, 799 F.2d 489, 495 (9th Cir. 1986); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Here, the clerk entered default against the Cohens on January 12, 2006, after the Cohens failed to defend against the First Amended Complaint ("FAC"). Thereafter, on March 5, 2007, Plaintiff filed a Second Amended Complaint ("SAC"), which added new defendants and allegations pertaining to those new defendants, but which did not alter the claims or allegations against the Cohens. It is the SAC that the Cohens now purport to answer, answers which precipitated the present motion to strike.

Since default has already been entered against the Cohens, they are no longer permitted to answer. This is true even though they were defaulted in connection with the now-inoperative FAC, which in all material terms is identical to the SAC as far as the Cohens are concerned. See Fed.R.Civ.P. 5(a) ("No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4). The motion to strike is therefore **GRANTED**. See Docket No. 88.

**IT IS SO ORDERED.**

DATED: 8/10, 2007

_____
JEFFREY T. MILLER
United States District Judge

cc: all parties
05cv1319 Order granting mot to strike.wpd